RECEIVED
IN ALEXANDRIA, LA

DEC 13 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| EDDIE JAMES SUTTON #12631-035 | DOCKET NO. 10-CV-1509; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| MARIA MEDINA | MAGISTRATE JUDGE JAMES D. KIRK |

## REPORT AND RECOMMENDATION

Pro se Petitioner Eddie James Sutton, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2241 on September 28, 2010. His filing fee was paid on October 19, 2010. Petitioner is an inmate in the custody of the Federal Bureau of Prisons, and he is incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Petitioner attacks the sentence imposed on him in the United States District Court for the Western District of Louisiana, Lake Charles Division.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DENIED AND DISMISSED**.

### *Background*

On February 21, 2006, Petitioner entered a plea of guilty to each of three counts against him: Count 1 - Conspiracy to Possess with Intent to Distribute Cocaine Base (Crack) in violation of 21 U.S.C. §856, Count 2 - Possession with Intent to Distribute Cocaine

Base (Crack) in violation of 21 U.S.C. §841(a)(1), and Count 3 - Possession with Intent to Distribute Cocaine in violation of 21 U.S.C. §841(a)(1). Petitioner admitted to conspiring with Donivan Micale Lewis and others to distribute cocaine base (crack) in Lake Charles, Louisiana, and elsewhere. He admitted to distributing over fifty (50) grams crack during the period in question. He also admitted that on March 1, 2005, he possessed with intent to distribute 50 grams of cocaine base and over 500 grams of cocaine in Calcasieu Parish. [Docket Number 2:06-cr-20044 (WDLA), Doc. #81-1]

Petitioner was sentenced on September 28, 2006, to 360 months of imprisonment as to each count, all to run concurrently, as well as ten years of supervised release as to Count 1, ten years as to Count 2, and 8 years as to Count 3, all to run concurrently. [See Docket Number 2:06-cr-20044 (WDLA) Doc. #140, 141]. Petitioner filed a notice of appeal, and an attorney was appointed to represent him. Petitioner's appellate attorney moved for leave to withdraw and filed an *Anders* brief in accordance with <u>Anders v. California</u>, 386 U.S. 738 (1967). The Fifth Circuit Court of Appeal conducted an independent review of the record and found no nonfrivolous issue for appeal. Petitioner's appeal was dismissed as frivolous. [Docket Number 2:05-cr-20044 (WDLA), Doc. #181]

On October 30, 2008, Petitioner filed a Motion to Vacate under 28 U.S.C. §2255. [See Docket Number 2:05-cr-20044 (WDLA), Doc.

2

#207] The government was ordered to answer the motion. Thereafter, the district court denied the Motion to Vacate. [Docket Number 2:05-cr-20044, Doc. #215] Petitioner filed a motion for certificate of appealability, which was denied by the district court. [Id. Doc. #221, 224] Petitioner filed a motion for leave to Proceed in forma pauperis on appeal on May 15, 2009, and his motion was denied. [Id. Doc. #230, 231] The Fifth Circuit dismissed Petitioner's appeal for want of prosecution, as petitioner failed to timely pay the docketing fee and file a motion for certificate of appealability and brief in support.

Petitioner also filed a Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense under 18 U.S.C. 3582. [Id. Doc. #223] The motion was denied on September 25, 2009. [Id. Doc. #237]

On November 30, 2009, the petitioner filed a Motion to Challenge the Court's Jurisdiction, which was denied on January 6, 2010. [Id. Doc. #247] He filed a notice of appeal the next day [Id. Doc. #248] and a motion to proceed in forma pauperis on appeal [Id. Doc. #250]. The district court denied pauper status. [Id. Doc. #252] Certificate of appealability was denied on February 22, 2010. [Id. Doc. #255] The appeal was dismissed pursuant to Petitioner's motion. [Id. Doc. #256]

Next, Petitioner filed the instant Petition under Section 2241.

## *Law and Analysis*

Petitioner's alleged grounds for relief include: (1) the government failed to prove beyond a reasonable doubt that Petitioner was "convicted" of a crime of violence similar to the enumerated offenses listed in §4B1.2 and (2) the district court lacked standing to apply an enhancement based on a prior negligent homicide conviction that does not meet the defining terms of §4B1.2. [Doc. #1-2, p.2]

Habeas corpus petitions filed pursuant to 28 U.S.C. §2241 are generally used to challenge the *manner* in which a sentence is executed. See Warren v. Miles, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. §2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. See Cox v. Warden, Fed. Det. Ctr., 911 F.2d 1111, 1113 (5th Cir. 1990). Petitioner seeks to collaterally attack his sentence. Thus, Petitioner's claim is more appropriately raised in a §2255 motion to vacate. Federal prisoners may use §2241 to challenge the legality of their convictions or sentences but only if they satisfy the §2255 "savings clause." See Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may file a writ of habeas corpus pursuant to §2241 if the §2255 motion's remedy is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255.

4

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. See Reyes-Requena, 243 F.3d at 904. Such petitioner bears the burden of demonstrating that the §2255 remedy is inadequate or ineffective. Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir. 2001); Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). **The fact that a prior §2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make §2255 inadequate or ineffective**. See Jeffers, 253 F.3d at 830; Toliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

Petitioner has pointed to no retroactively applicable Supreme Court decision establishing that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or first motion to vacate. In short, he has failed to show that his 28 U.S.C. § 2255 remedies are **ineffective** and **inadequate** under the "savings clause". Therefore, the instant petition for writ of habeas corpus must be dismissed for lack of jurisdiction. See Christopher v. Miles, 342 F.3d 378 (5th Cir. 2003).

5

Accordingly,

**IT IS RECOMMENDED** that the Petition for Writ of Habeas Corpus be **DENIED and DISMISSED** for lack of jurisdiction.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See <u>Douglas v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

Thus done and signed at Alexandria, Louisiana, this ___ day of December, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE